J-S43017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM A. WILSON, | : | |
| | : | |
| Appellant | : | No. 1779 WDA 2017 |

Appeal from the PCRA Order October 25, 2017
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000396-2015,
CP-04-CR-0001013-2013, CP-04-CR-0001014-2013,
CP-04-CR-0001015-2013, CP-04-CR-0002157-2013

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 30, 2019**

Appellant, William A. Wilson, appeals from the October 25, 2017 Order entered in the Beaver County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.    Additionally, Appellant's appointed counsel, Simone S. Temple, Esquire, has filed an **Anders**[1] Brief and a Petition to Withdraw as

---

[1] **See Anders v. California**, 386 U.S. 738 (1967).  Counsel has filed an **Anders** Brief.  The proper mechanism when seeking to withdraw in PCRA proceedings is a **Turner**/**Finley** letter. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, because an **Anders** brief provides greater protection to a criminal appellant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** no-merit letter.  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

Counsel. After careful review, we grant Attorney Temple's Petition to Withdraw and affirm.

A detailed recitation of the underlying facts is not necessary to an understanding of our analysis of the issues that Appellant raises on appeal. Briefly, on March 7, 2016, Appellant entered negotiated guilty pleas at five separate dockets to two counts of Persons Not to Possess Firearms, two counts of Possession of a Controlled Substance with Intent to Deliver ("PWID"), and Possession of a Small Amount of Marijuana.[2] That same day, the trial court sentenced Appellant to the negotiated aggregate term of five to fifteen years' incarceration, followed by ten years' probation.

Appellant did not file a direct appeal. Appellant's Judgment of Sentence became final thirty days later on April 6, 2016, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On March 16, 2017, Appellant filed a *pro se* PCRA Petition, his first, alleging that plea counsel failed to file a direct appeal and requesting the appointment of PCRA counsel. The PCRA court appointed Attorney Temple, who filed an Amended PCRA Petition asserting, *inter alia*, that plea counsel was ineffective for misinforming him about the terms of the plea agreement. After conducting an evidentiary hearing, at which Appellant and his plea

---

[2] 18 Pa.C.S. § 6105; 35 P.S. § 780-113(a)(30); and 35 P.S. § 780-113(a)(31), respectively.

counsel testified, the PCRA court denied Appellant's PCRA Petition on October 25, 2017.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On May 8, 2018, Attorney Temple filed an **Anders** Brief and Petition to Withdraw as Counsel, concluding that there were no non-frivolous issues to be raised on appeal since the PCRA Petition was wholly without merit. Appellant did not file a *pro se* response.[3]

Counsel presents three issues in her **Anders** Brief for our review:

I. Whether [Appellant's] guilty pleas on March 7, 2016 were knowing, intelligent[,] and voluntary?

II. Whether plea counsel was ineffective for failing to file a post-sentence motion or a direct appeal on [Appellant's] behalf following his plea and sentence on March 7, 2016?

III. Whether [Appellant's] appeal of the denial of his [PCRA Petition] is frivolous and wholly without merit?

**Anders** Brief at 6.

Before we consider Appellant's arguments, we must review Attorney Temple's request to withdraw from representation. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is

---

[3] On February 16, 2018, this Court denied without prejudice Appellant's Motion to file a response to Attorney Temple's anticipated **Anders** Brief and instructed him to renew his request. Appellant has not renewed his request now that Attorney Temple has filed her **Anders** Brief and Appellant has not filed a substantive response or a brief.

required before withdrawal on collateral appeal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. *Id*. The court then conducts its own independent review of the record to determine if the Petition is meritless. *Id*. "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Temple has complied with each of the above requirements. In addition, Attorney Temple sent Appellant copies of the *Anders* Brief and Petition to Withdraw, and advised him of his rights in lieu of representation. *See Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Temple has complied with the *Turner*/*Finley* requirements, we now proceed with our independent review of the record and the merits of Appellant's claims.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Further, "[t]he PCRA court's findings will not be disturbed unless there is no

- 4 -

support for the findings in the certified record." ***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa. Super. 2008).

### Guilty Plea

Appellant first claims that he did not enter his guilty pleas knowingly, intelligently, or voluntarily because plea counsel was ineffective for failing "to adequately explain to him the details and terms of the plea offers . . . ." ***Anders*** Brief at 12, 14.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused

[A]ppellant to enter an involuntary or unknowing plea." *Fears*, 86 A.3d at 806-07 (citation omitted).

Appellant's underlying claim is without merit. Here, the PCRA court determined that Appellant entered his guilty plea voluntarily, knowingly, and intelligently. *See* PCRA Court Opinion, filed 12/12/17, at 3. The PCRA court opined as follows:

> Additionally, in review of [Appellant's] Guilty Plea Colloquy, [Appellant] stated he was entering the pleas of his own free will, that no threats were made to him to enter pleas of guilty, and that no promises other than the Plea Agreement that had been negotiated had been made to him. Lastly, in review of the transcript of the Guilty Plea on March 7, 2016, it is clear that the terms of [Appellant's] sentence were fully stated on the record by not only the Assistant District Attorney but also this Court upon imposing the sentence. At no point during the pleas or sentence did [Appellant] communicate to this Court he did not understand the terms of the sentence, nor did he communicate he felt forced to enter the pleas.

*Id.* at 3. We agree with the PCRA Court's analysis.

After carefully reviewing Appellant's written and oral guilty plea colloquies, we conclude that the record belies Appellant's claims. Appellant acknowledged on the record that he was entering a negotiated guilty plea to an aggregate term of five to fifteen years' incarceration, followed by ten years' probation. *See* N.T., 3/7/16, at 8-17, 23-25. Additionally, Appellant acknowledged on the record that he was not induced or coerced into pleading guilty. *See id.* at 14-15. He also acknowledged on the record that he was satisfied with the representation of his attorney. *See id.* Moreover,

Appellant's signed guilty plea colloquy confirms his oral statements on the record. *See* Guilty Plea Colloquy, 3/7/16, at 1-4.

Even on post-conviction collateral review, Appellant is bound by his statements made at the plea colloquy under oath, and "he may not now assert[] grounds for [challenging] the plea which contradict the statements." ***Commonwealth v. Willis***, 68 A.3d 997, 1009 (Pa. Super. 2013) (citation omitted).

Based on our review, we conclude that the record supports the PCRA court's determination that plea counsel was not ineffective and Appellant entered his guilty plea voluntarily, knowingly, and intelligently.

**Failure to File Direct Appeal**

Appellant next claims that plea counsel failed to file a requested direct appeal. ***Anders*** Brief at 19-22. Our Supreme Court has held that where "there is an ***unjustified*** failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases." ***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999) (emphasis added). Such conduct denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9. ***Id.*** The Supreme Court concluded that the unjustified failure to file a requested direct appeal constitutes prejudice and *per se* ineffectiveness for PCRA purposes. ***Id.***

Before a court will find ineffectiveness of counsel for failing to file a direct appeal, however, Appellant must prove that he requested an appeal and that counsel disregarded this request. **Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa. Super. 2001). In such a circumstance, a defendant is automatically entitled to reinstatement of his appellate rights. **Lantzy**, **supra** at 572. Counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal, for example, because there are meritorious grounds for appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. **Touw**, **supra** at 1254 (citing **Roe v. Flores-Ortega**, 528 U.S. 470, 480 (2000)).

To obtain relief, Appellant must also show prejudice, which in these circumstances requires a showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." **Flores-Ortega**, 528 U.S. at 484.

Here, plea counsel unambiguously informed Appellant on the record that he would need to contact him within the prescribed time period if he wanted to file a post-sentence motion or a direct appeal. **See** N.T. Plea, 3/7/16, 24-25. Appellant also signed paperwork acknowledging that he understood these rights. Notice of Rights Following Sentence, dated 3/7/16.

At the PCRA hearing, plea counsel testified that Appellant never indicated that he wanted to file a post-sentence motion or a direct appeal.

N.T. PCRA, 10/18/17, at 12. Plea counsel received some communications from Appellant related to transcripts and time credit, but nothing in those letters informed counsel that Appellant wanted to pursue an appeal. *Id.* at 12-17.[4]

We find that the record amply supports the PCRA court's conclusion that plea counsel informed Appellant of his limited appeal rights following his guilty plea, and plea counsel instructed Appellant to inform him if he wanted to file an appeal. However, despite counsel's clear instructions, which Appellant acknowledged in writing and in court, the evidence believed by the trial court indicated that Appellant did not ask plea counsel to pursue an appeal. PCRA Court Opinion at 3. We will not disturb the court's credibility determinations. *See Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (reiterating that "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court.").

After review, we conclude that the record supports the PCRA court's findings and its Order is otherwise free of legal error. We, thus, affirm the denial of PCRA relief.[5]

Order affirmed. Petition to Withdraw granted.

_____

[4] At the PCRA hearing, Appellant claimed that he had copies of letters asking plea counsel to file an appeal, but he "didn't want to provide them to" PCRA counsel. N.T. PCRA, 10/18/17, at 47.

[5] Based on the foregoing, we need not address the overarching third issue in the *Anders* Brief separately.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/30/2018</u>